**Esther Lee SMITH, Appellant,**

v.

**HUMBLE OIL AND REFINING COMPANY, Appellee.**

**No. 11929.**

United States Court of Appeals
Fourth Circuit.

Argued March 6, 1968.

Decided Aug. 7, 1968.

Henry Hammer, Columbia, S. C. (J. Carlisle Oxner, Jr., Columbia, S. C., on brief), for appellant.

George E. Lewis, Columbia, S. C. (Turner, Padget, Graham & Laney, Columbia, S. C., on brief), for appellee.

Before BOREMAN, CRAVEN and BUTZNER, Circuit Judges.

BOREMAN, Circuit Judge:

This is an appeal in a diversity action involving plaintiff's claim for damages arising from a collision between two motor vehicles at the intersection of two streets in Columbia, South Carolina. A jury trial resulted in a verdict for the defendant, Humble Oil and Refining Company, and plaintiff, Mrs. Smith, contends that the court erred in refusing to charge the jury with respect to certain South Carolina statutes which she contends are relevant in determining the question of negligence. Upon consideration of the record, including a street plat and photographs of the intersection filed as exhibits, and the statutes in question, we conclude that the court's refusal to charge with respect to these statutes was not error.

Bull Street runs north and south and is intersected from the west by Elmwood. Elmwood terminates at Bull Street and does not continue through the intersection. However, across Bull Street from Elmwood are the entrance and exit driveways to and from the South Carolina State Hospital.

For some distance west of the intersection Elmwood Avenue is seven lanes wide. Separating eastbound from westbound traffic lanes is a dividing strip of concrete construction extending above the street surface. This strip does not run continuously in the center of Elmwood the full length of the block, but at a point some little distance from Bull Street it is positioned to the left in such a fashion as to create an additional traffic lane for the use of eastbound motorists desiring to make a left turn to the north into Bull Street. Thus, Elmwood at its terminus at Bull Street has four lanes for eastbound and three lanes for westbound traffic. Bull Street, also with a raised center concrete strip, is a two-way street with two lanes for traffic in each direction at the area of its intersection with Elmwood.[1] Traffic at the intersection, including that entering and leaving the hospital grounds, is controlled by electric signals.

The accident occurred in or near the center of the Bull-Elmwood intersection. During the afternoon rush hour Mrs. Smith, the plaintiff, was proceeding east on Elmwood and, as she wished to turn left onto Bull, had entered the off-set lane farthest to her left and closest to the Elmwood concrete strip as she approached the intersection. However, obeying the traffic signal, she brought her car to a stop at the stop line on Elmwood. While she was waiting for the light to change, defendant's vehicle, a large tractor-trailer tank truck operated by a company driver, stopped beside her in the lane immediately to her right, i. e., the second lane from the concrete strip. The truck driver, McPheeters, like Mrs. Smith, intended to make a left turn into Bull Street, and, when the sig-

---

[1]. At either side of the Elmwood intersection Bull Street also has an off-set lane for traffic making left turns into Elmwood or into the hospital driveway. These off-sets are not involved here.

nal light changed, both vehicles began their left turns into the intersection, proceeding approximately abreast of one another.[2] As they were doing so, according to the testimony of Humble's driver, a third vehicle came out of the hospital drive and made such a wide turn to the left to head south on Bull Street that it entered the path of the approaching tanker. McPheeters further testified that, in an effort to avoid a collision with the third vehicle, he turned his truck more sharply to the left and in so doing collided with plaintiff's car.

Since a basis for Mrs. Smith's claim was the alleged negligence of defendant's driver in not approaching the intersection in the proper lane for a left turn, and as Humble interposed the defense of sudden emergency, the plaintiff requested the court to charge the jury concerning certain South Carolina statutes prescribing the proper position of vehicles and method of making left turns at intersections. These statutes are set forth in the margin.[3] The court

declined to include all the requested statutory provisions. However, it did include an abbreviated version of § 46–405, instructing the jury that, "Section 46–405, of the code of this state, provides in connection with turning movements of automobiles: 'No person shall turn a vehicle at an intersection unless and until such movement can be made with reasonable safety.' Any violation of that would be negligence per se." Following the adverse jury verdict plaintiff unsuccessfully moved for a new trial on several grounds, but the only point here urged as ground for reversal is the court's refusal to include in its charge all the code sections as requested.

Mrs. Smith's contention that these sections are applicable to turns at this intersection and hence relevant to the issue of negligence appears to be based on two assumptions: (1) that her lane, and not McPheeters', is the lane designated for left turns by § 46–402(2), and (2) that a turn in some manner different from that prescribed in § 46–402(2) is

2. According to the truck driver's testimony he had deliberately chosen the second lane since, in his view, the radius of a left turn made from the leftmost lane was such that the rear end of a vehicle the length of his truck would cut across the end of the raised concrete strip; also, that by using the second lane he permitted faster traffic in Mrs. Smith's lane to pass.

3. S.C.Code Ann. (1962)
§ 46–402. Required position and method of turning at intersections.—The driver of a vehicle intending to turn at an intersection shall do so as follows: * * *
(2) *Left turns on two-way roadways.*—At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection, and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered, and whenever practicable the left turn shall be made in that portion

of the intersection to the left of the center of the intersection; * * *.
§ 46–403. Local markers requiring turns in some other manner.—Subject to the limitations [not pertinent here] prescribed in § 46–302, local authorities in their respective jurisdictions may cause markers, buttons or signs to be placed within or adjacent to intersections and thereby require and direct that a different course from that specified in § 46–402 be traveled by vehicles turning at an intersection, and when markers, buttons or signs are so placed, no driver of a vehicle shall turn a vehicle at an intersection other than as directed and required by such markers, buttons or signs. (1952 Code § 46–403; 1949 (46) 466.)
§ 46–405. General rule for turning movements.—No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon a roadway as required in §§ 46–402 and 46–403 or turn a vehicle to enter a private road or roadway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. (1952 Code § 46–405; 1949 (46) 466.)

neither permitted nor required by any marker or other device pursuant to § 46–403.

The trial transcript discloses that there was an extended discussion between court and counsel concerning the relevancy of the statutes in these circumstances. The court apparently recognized that the junction of Bull and Elmwood constitutes an intersection within the meaning of the South Carolina statutory definition.[4] Nevertheless, the court concluded that, of the statutes in question, only a portion of § 46–405 was pertinent since both Elmwood and Bull were public streets and the fact that Elmwood's four lanes for eastbound traffic came to a "dead-end" at Bull created a situation where left turns must be permitted from both Mrs. Smith's lane and the lane next to it on the right. There was testimony to show that it was the common practice among motorists to make a left turn from either of the two lanes. Humble urges that an interpretation of § 46–402(2) which would require that left turns be made exclusively from Mrs. Smith's lane would, in effect, render useless the middle two of Elmwood's four eastbound traffic lanes.

The lane as described above being used by the plaintiff was obviously provided by local authorities as an *additional* lane for the use of motorists desiring to turn left from Elmwood at the intersection. But we find nothing in the cited statutory provisions or the evidence requiring that left turns be made from that lane *only*. There is no evidence of anything in the nature of markers, buttons or signs which would prohibit a left turn from the defendant's lane. If the court had charged the jury with respect to § 46–402(2) it would have been under a duty to tell the jury that the defendant's truck, in approaching the intersection for a left turn, was actually in that portion of the *right half* of Elmwood nearest the *center line* thereof.

We conclude that the portion of § 46–405 which the court included in its charge was not misleading and that the court did not err in refusing to charge with respect to the other statutory provisions as requested.

Affirmed.

4. By statute South Carolina defines an intersection, insofar as is here applicable, as follows:

"*Intersection.*—An '*intersection*' is the area embraced within the prolongation or connection of the lateral curb lines or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles or the area within which vehicles traveling upon different highways joining at any other angle may come in contact." S.C.Code Ann. § 46–257 (1962).